## FISHMAN v. STATE OF FLORIDA
### Case No. 84-36032TT-20; Appeal No. 84-0053AC
Seventeenth Judicial Circuit, Broward County
March 20, 1985

### APPEARANCES OF COUNSEL

**Charlton Stoner** for appellant.

**Paul Zacks,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ARTHUR J. FRANZA, Circuit Judge.

This cause, having come to be heard upon appellant's appeal for dismissal of the charges brought against him or for a new trial and the court having been advised in the premises; having read the briefs submitted by the parties; and having heard oral argument; the court finds, concludes and orders:

A traffic infraction is a civil complaint against a person by a

municipality or county or by the state, all regulated by statute. The rules allow a hearing officer, in this case a County Court Judge, to inquire into the facts of a particular case where a traffic infraction is charged.

Unfortunately, we are on a speed mill wherein the object is to dispose of as many cases as possible.

Although persons who are charged with a traffic infraction may bring a lawyer, most of the time they come without a lawyer. That leaves just them, the police and the judge. At other times we have the defendant, his lawyer, the police and the judge. In that situation, a judge must, of course, inquire and that is where the rub begins.

This hearing officer has to dispose of sometimes two hundred or more cases in the space of a few hours. He has to process cases and dispose of them.

Uniformity and speed is fine. However, at times, speedy justice is not justice. You can't find fairness, patience and impartiality on a race track or find due process on a ski slope. All judges, at the county level on up to the Supreme Court, have too many cases to decide. The procedures are too archaic and artificial. At the trial level, there is not much that can be done to alleviate these problems, that has to be taken care of by The Supreme Court and/or the Legislature.

People should leave a courtroom filled with a sense of patriotism, satisfied that they have received a fair court hearing, satisfied that they have been treated with courtesy and respect and further, satisfied that their tax dollars in the justice system have been wisely spent.

However, when this citizen enters into the hallowed halls of justice, he encounters a dimension of a frightening kind. Most of the people are confused, certainly all are apprehensive and some are facing rather serious charges that could affect their right to drive, or affect their economic base by increasing their insurance rates. To some people, that is very important. As that person absorbs the situation and observes the rapidity of the staccato of justice being rendered, what must he think? At least he must believe, and it must appear to be, that he will have a fair opportunity to say what he wants, to hear witnesses against him, and confront them if he wishes and, most importantly, to know that the judge is impartial. It must be chilling to have the judge question him and the other witnesses in the roll of prosecutor and then judge him. Although the rules permit questioning by a hearing official, the appearance of impartiality suffers when the judge has the full brunt of inquiry.

74

The rules call for and define a prosecutor. Rule 6.040, under Prosecutor states,

> Prosecutor means any attorney who represents a state, county, city, town or village in the prosecution of a defendant for the violation of a statute or ordinance.

Obviously, a traffic violation is encompassed by statute. Since it is a civil infraction the state attorney is not involved; yet the court does not have a prosecutor.

Throughout the Rules of Practice and Procedure for Traffic Court adopted by the Supreme Court, it is replete with language to the effect that the trial and hearing should be conducted in an orderly manner according to law and applicable rules, and that the procedure prescribed by law in civil cases shall govern traffic cases as far as they are applicable.

Some people have difficulty wearing one hat, let alone two hats or sometimes three. A hearing officer has to wear the hats of the traffic violator, prosecutor, and judge. A prosecutor may take a little bit more time. The fact that a traffic violator does or does not have a lawyer, or one appointed for him does not add or subtract anything.

For example, in every case venue, which is location, must be presented to the court and although technical, is vital because it is an essential element of the charge.

After the officer testifies and yet fails to mention venue, the should be found not guilty. He looks at the judge, the judge looks at him and they both realize the technical absence and at this point, what is the judge supposed to do? Should he ask, "what county or state" and prove it up, so to speak? Or should he not? How far should this inquiry go? It would be better for all concerned if the judge were not in this uncomfortable position.

The question and issue simply put is: Does the appearance of justice although not improper because of conduct or rules, still have the appearance of impropriety to the public at large when the judge is both judge and prosecutor? I believe the better procedure would be that the authorities that initiate and/or reap the benefits of traffic violations ought to provide prosecutors for the County Judges to prosecute traffic infractions. The hearing officer may ask questions where a point is obfuscated but he ought to be allowed, if he chooses, to handle traffic infractions as he conducts any other civil or criminal case.

This is not to say that this decision requires a County Judge to have a prosecutor in every case. But, this decision does say that a County

**75**

Judge should have a prosecutor when the question of conflict becomes close or when he desires same.

Accordingly, this court finds no real impropriety on the part of the hearing official but the inadvertant tumbled words emanating from a Judge's lips, to-wit: "state rests" is just too much. The appearance of prosecutorial conduct may be there and accordingly this cause is remanded for a new trial.

The other points are without merit and need not be discussed.